# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **CHIKEZIE OTTAH,** | : | **CASE NO. 1:11-CV-06187-RMB** |
| | : | |
| Plaintiff, | : | [Judge Richard M. Berman] |
| | : | |
| vs. | : | |
| | : | **MEMORANDUM IN SUPPORT OF** |
| **VERIFONE SYSTEMS, INC.,** | : | **DEFENDANT'S MOTION FOR** |
| | : | **SUMMARY JUDGMENT** |
| Defendant. | : | **OF NON-INFRINGEMENT** |
| | : | |

## <u>TABLE OF CONTENTS</u>

I.      Introduction and Summary ....................................................................................1

II.     Technology of the Claimed Invention ....................................................................2

III.    VeriFone's Products..............................................................................................8

IV.     Legal Standards....................................................................................................12

        A.      Legal Standards for Summary Judgment....................................................12

        B.      Legal Standards for Patent Infringement ...................................................13

V.      VeriFone Does Not Infringe ...............................................................................15

        A.      VeriFone does not literally infringe............................................................15

        B.      VeriFone does not infringe under the doctrine of equivalents...................16

VI.     Conclusion ...........................................................................................................17

# <u>TABLE OF AUTHORITIES</u>

<u>Federal Cases</u>

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242, 247 (1986)............................................................................ 12, 13

*Celotex Corporation v. Catrett*,
    477 U.S. 317, 324 (1986)................................................................................. 13

*Centricut, LLC v. Esab Group, Inc.*,
    390 F.3d 1361, 1367 (Fed. Cir. 2004).............................................................. 14

*Cole v. Kimberly-Clark Corp.*,
    102 F.3d 524, 532 (Fed. Cir. 1996).................................................................. 13

*Dawn Equip. Co. v. Kentucky Farms Inc.*,
    140 F.3d 1009, 1015-16 (Fed. Cir. 1998) ........................................................ 14

*Exigent Tech, Inc. v. Atrana Solutions, Inc.*,
    442 F.3d 1301, 1307-08 (Fed. Cir. 2006) ........................................................ 14

*Markman v. Westview Instruments, Inc.*,
    52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), aff'd, 570 U.S. 370 (1996)..................... 13

*Nike Inc. v. Wolverine World Wide, Inc.*,
    43 F.3d 644, 646 (Fed. Cir. 1994).................................................................... 13

*Ottah v. First Mobile Technologies*,
    10-CV-7296, Dkt. No. 49, Decision and Order Granting Defendant's Motion for
    Summary Judgment (S.D.N.Y., February 17, 2012, McMahon, J.) .................. 2, 16, 17

*Philips v. AWH Corp.*,
    415 F.3d 1303, 1314 ...................................................................................... 13

*Teleflex, Inc. v. Ficosa North America Corp.*,
    299 F.3d 1313, 1323 (Fed. Cir. 2002).............................................................. 14

*Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc.*,
    141 F.3d 1084, 1089 (Fed. Cir. 1998).............................................................. 13

*Voda v. Cordis Corp.*,
    476 F.3d 887, 892 (Fed. Cir. 2007).............................................................. 14, 15

<u>MEMORANDUM</u>

I.   **Introduction and Summary**

Plaintiff Chikezie Ottah ("Ottah") alleges in this lawsuit that Defendant VeriFone Systems, Inc.'s ("VeriFone") mounts for electronic display screens in taxi cabs infringe US Pat. No. 7,152,840 ("the '840 patent"). However, the invention of the '840 patent is directed to a book holder that does not bear any resemblance to VeriFone's mounts. The accused VeriFone products lack many elements of the sole claim of the '840 patent, and, therefore, do not infringe.

The Court held a status conference on March 19, 2012 and set a summary judgment schedule. Pursuant to that schedule, VeriFone moves for summary judgment of all of Ottah's claims.

The evidence supporting VeriFone's motion includes the '840 patent's claim to an invention and the descriptions and drawings of '840 patent's specification, as well as VeriFone's mounts as shown in photographs attached to the Declaration of Avi Itzhakov ("Itzhakov Decl."). The claim, specification, and declaration establish beyond any genuine issue of material fact that the accused VeriFone products do not infringe the '840 patent. This is true because the accused VeriFone products do not include many of the claim's requirements for a book holder, most notably a telescoping arm, a clasp at one end of the arm with resilient clip arms for removably attaching the book holder, and a book support platform pivotally attached to the arm and having clamps on a front surface to hold a book.

Because the evidence of record establishes that the accused VeriFone products do not incorporate each and every limitation of the sole claim of the '840 patent, and no genuine issue of material fact exists to the contrary, VeriFone respectfully requests that

this Court enter summary judgment in favor of VeriFone on all claims asserted by Ottah in this matter.

VeriFone would also like to inform the Court of an earlier case, in which Ottah alleged infringement of the same patent by First Mobile Technologies. *See Ottah v. First Mobile Technologies*, 10-CV-7296, Dkt. No. 49, Decision and Order Granting Defendant's Motion for Summary Judgment (S.D.N.Y., February 17, 2012, McMahon, J.). First Mobile is not related to VeriFone and the products at issue in that case do not compete with or otherwise relate to VeriFone's products. However, VeriFone would direct the Court to Judge McMahon's Decision, particularly for its analysis of the patent at issue.

## II.   Technology of the Claimed Invention

VeriFone agrees with Judge McMahon that the claim limitations of the '840 patent are readily understandable *Id.* at pp. 6-7. The claim limitations are identified and illustrated in the attached Statement of Material Facts as supported by the attached Declaration of Owen W. Dukelow ("Dukelow Decl."). The sole claim of the '840 patent is as follows, with underlined limitations that VeriFone contends are not present in the accused products and with indented paragraphs to show the interrelationships of the limitations:

1.     A book holder for removable attachment, the book holder comprising:

  a book support platform, the book support platform comprising
      a front surface, a rear surface and a plurality of clamps,
      the front surface adapted for supporting a book,
      the plurality of clamps disposed on the front surface to engage and
      retain the book to the book support platform,
      the rear surface separated from the front surface;

  a clasp comprising

a clip head, a clip body and a pair of resilient clip arms,
the clip arms adjustably mounted on the clip head,
the clip head attached to the clip body; and

an arm comprising a first end and a second end and a telescoping arrangement,

the clasp on the first end,
the second end pivotally attached to the book support platform,
the telescoping arrangement interconnecting the first end to the second
end,

the clasp spaced from the book support platform

wherein the book holder is
removably attached and
adjusted to a reading position by
the telescoping arrangement axially adjusting the spaced relation
between the book support platform and  the clasp and
the pivotal connection on the book support platform pivotally
adjusting the front surface with respect to the arm.

(*See* Dukelow Decl., Exh. 1 ['840 patent] at claim 1.) Figs. 1, 4, 5, and 8 of the '840

patent, annotated below, illustrate the claimed invention:



Fig. 1



Referring to FIG. 6 [sic, 8] the [clip] head 79 is shown with two sets of clip arms 74a, 74b Each clip arm 74a and 74b is attached by fastener 81 which may be removable such as a screw. The arms 74 are thereby adjustably spaced from each other to adapt to resiliently clasping onto a mounting portion of the mobile vehicle (not shown

(Dukelow Decl., Exh. 1 ['840 patent] at 4:55-60.)

Thus, the claim of the '840 patent, with reference to the drawings and written description

of its specification, can be related to the drawings as shown in the following chart:

| Claim element required by the '840 patent | Figures of the '840 patent as described in the patent |
|---|---|
| The book support platform (12 or 412) is spaced from a clasp (15, see below);<br><br>the book support platform (12 or 412) is attached to an arm (14 or 414);<br><br>the clasp (15, Figs. 1, 4, and 5) is spaced from the book support platform (12 or 412) and is on the first end (23 or 73) of the arm (14 or 414). | <br>Fig. 1 |
| A second end of arm (14 or 414) is pivotally attached to the book support platform (12 or 412);<br><br>the arm (14 or 414) includes a telescoping arrangement (32 or 415) between the first end (23 or 73) and the second end of the arm (14 or 414);<br><br>as stated above, the clasp (15) is spaced from the book support platform (12) and is on the first end (23 or 73) of the arm (14 or 414). | <br>Fig. 4 |

| Claim element required by the '840 patent | Figures of the '840 patent as described in the patent |
|---|---|
| The book holder is adjusted to a reading position by the telescoping arrangement axially adjusting the spaced relation between the book support platform (12 or 412) and the clasp (15). | <br>Fig. 4 |
| The book holder is also adjustable to a reading position by the pivotal connection on the book support platform pivotally adjusting the front surface with respect to the arm. | <br>Fig. 4 |
| The book holder is also removably attached by the clasp 15 which also requires a clip head (79, Figs. 5 and 8), a clip body (78 and/or 101, Fig. 5) and | <br>Fig. 5 |

| Claim element required by the '840 patent | Figures of the '840 patent as described in the patent |
|---|---|
| a pair of resilient clip arms (74a, 74b, Figs. 4, 5, and 8),<br><br>the clip arms must be adjustably mounted (Figs. 5 and 8) on the clip head, and<br>the clip head must be attached to the clip body (Fig. 5). |  |

(Dukelow Decl., ¶ 4.)

### III.    VeriFone's Products

The following photos show representative installations of VeriFone mounts for an electronic display, first two photos from Ottah's complaint, and then six photos showing the details of the mount, shown both with and without the display:



(Ottah's Amended Compl. [Dkt. 15] at p. 14.)



(Ottah's Amended Compl. [Dkt. 15] at p. 15.)



Photo V1 of a VeriFone mount riveted to a taxi partition, with electronic display (passenger interface monitor or PIM) and VIVO credit card reader, as typically installed in a New York taxi cab, *e.g.*, a Toyota Sienna minivan.  (Itzhakov Decl., ¶ 3.)



Photo V2 of VeriFone mount shown in position for riveting to taxi partition, and without the display, identifying four rivet holes in the mount.  (Itzhakov Decl., ¶ 4.)



Photo V3 of VeriFone mount, shown from the opposite side of the taxi partition, identifying two upper rivets in place securing the mount to the partition, and also showing the back of the VIVO card reader permanently secured to a bracket, which is in turn riveted to the partition.  (Itzhakov Decl., ¶ 5.)



Photos V4 and V5 showing close up views of the rivets in the VeriFone mount, with the display in place and two of the pins that act as stops to prevent removal of the display from the mount, while allowing slight adjustment of the viewing angle of the display within the mount.  (Itzhakov Decl., ¶ 6.)



Photo V6 showing the bracket to which the VIVO card reader is riveted or bolted, or otherwise permanently secured, and which is in turn riveted at a lower portion to the VeriFone mount and at an upper portion to the partition (see photos V3 and V4, above). (Itzhakov Decl., ¶ 7.)

## IV.    Legal Standards

### A.    Legal Standards for Summary Judgment

Summary judgment is appropriate when there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). Facts are only considered to be genuinely disputed when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 247-48. A fact is material under Rule 56 if it "might affect the outcome of the suit under the governing law." *Id*. at 248. The party with

- 12 -

the burden of proof must come forth with admissible evidence that creates a genuine issue of fact for the jury. *Id.* Furthermore, "where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotations omitted). Finally, "[s]ummary judgment is appropriate in a patent case, as in other cases." *Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 646 (Fed. Cir. 1994).

**B.    Legal Standards for Patent Infringement**

Patent infringement is assessed by "comparing the properly construed claims to the device accused of infringing." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), *aff'd*, 570 U.S. 370 (1996). In cases where the patent at issue consists solely of "commonly understood words," construal requires merely applying the ordinary definitions of such words. *Philips v. AWH Corp.*, 415 F.3d 1303, 1314. In the present case, the parties do not dispute the meaning of any claim terms, so the Court can proceed on the basis of the claim limitations having their plain and ordinary meanings.

A claim is infringed if each limitation in the claim is found in an accused device or method, either literally or under the doctrine of equivalents. *Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc.*, 141 F.3d 1084, 1089 (Fed. Cir. 1998). A claim is infringed literally "when every limitation recited in the claim is found in the accused device, *i.e.*, when the properly construed claim reads on the accused device exactly." *Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 532 (Fed. Cir. 1996).

A plaintiff may also present in its case-in-chief that a limitation is found in an accused device under the doctrine of equivalents, although Plaintiff in this case has not

provided any evidence by which it might exercise that potential route for attempting to prove infringement. *Dawn Equip. Co. v. Kentucky Farms Inc*., 140 F.3d 1009, 1015-16 (Fed. Cir. 1998).

The plaintiff bears the burden of proving by a preponderance of the evidence that the accused products infringe the asserted claim. *Centricut, LLC v. Esab Group, Inc*., 390 F.3d 1361, 1367 (Fed. Cir. 2004). A defendant is entitled to summary judgment of noninfringement if it demonstrates "an absence of evidence to support [plaintiff's] case," and, although infringement raises a question of fact, defendant "need not produce evidence showing the absence of a genuine issue of material fact" because plaintiff has the burden of proving infringement. *Exigent Tech, Inc. v. Atrana Solutions, Inc*., 442 F.3d 1301, 1307-08 (Fed. Cir. 2006); *Teleflex, Inc. v. Ficosa North America Corp*., 299 F.3d 1313, 1323 (Fed. Cir. 2002). The defendant meets its burden "by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." *Exigent*, 442 F.3d at 1308.

Ottah also appears to claim infringement of an alleged Australian patent but fails to allege any basis on which it would be proper for a U.S. court to enforce a foreign patent right. Furthermore, Ottah does not allege any products or sales, or other acts in Australia relating to infringement. If Ottah is seeking the adjudication of an Australian patent right, the burden is on him to establish that jurisdiction is proper. *Voda v. Cordis Corp.*, 476 F.3d 887, 892 (Fed. Cir. 2007). In the present case, jurisdiction over a foreign patent right is not proper because, as in *Voda*, the factors of "limitations imposed by treaties that are the 'supreme law of the land' and considerations of comity, judicial

economy, convenience, and fairness" all weigh against the exercise of jurisdiction. *Voda*, 476 F.3d at 904.

## V.     VeriFone Does Not Infringe

### A.     VeriFone does not literally infringe

The undisputed facts establish that the accused VeriFone mounts do not infringe because they lack at least the following claim elements:

the book holder for removable attachment;

the plurality of clamps disposed on the front surface of the book support platform;

the clasp comprising the clip head attached to the clip body and the pair of resilient clip arms adjustably mounted on the clip head;

the arm with a telescoping arrangement interconnecting the first and second ends of the arm, with the clasp on the first end, and the second end pivotally attached to the book support platform;

the clasp spaced from the book support platform

the book holder is adjusted to a reading position by the telescoping arrangement axially adjusting the spaced relation between the book support platform and the clasp and the pivotal connection on the book support platform pivotally adjusting the front surface with respect to the arm.

The VeriFone mounts are not removably attached in the taxis, but rather are riveted in place to the taxi's partition or seat. The permanent attachment of VeriFone's mounts is important to discourage tampering and stealing of the mounts and the associated displays.

The VeriFone mounts do not have any clamps on any front surface of any book support platform. The VeriFone mounts include stops, typically four, that prevent removal of the display from the mount, but these are not clamps because they do not clamp onto the display, but rather they allow movement of the display screens within the mount, and they also are not on any front surface of a platform.

The VeriFone mounts do not have any clasp, any clip head attached to any clip body, or any pair of resilient clip arms adjustably mounted on a clip head. In the '840 patent, the clasp and its clip components are used for the removable attachment of the book holder. Since VeriFone requires that its mounts be non-removable, VeriFone has no reason for any clasp or adjustable clip for the mount.

VeriFone's mounts have no telescoping arm, no arm with a clasp at one end, no arm with a pivotal attachment to a book support platform at the other end, and no spaced relationship between a clasp and a book support platform. VeriFone's mounts are not adjustable in reading position, neither by any telescoping arrangement axially adjusting the spaced relation between the book support platform and the clasp, nor by any pivotal connection on the book support platform pivotally adjusting the front surface of the platform with respect to the arm.

### B.     VeriFone does not infringe under the doctrine of equivalents

VeriFone's mounts also do not include any equivalent to any of the foregoing claim limitations. Rather, the features of VeriFone's mounts are substantially different and different in function, way, and result than each of these claim limitations.

Furthermore, as determined by this Court, prosecution history estoppel precludes Ottah from using the doctrine of equivalents to expand the scope of the claims, so the doctrine of equivalents cannot be used to cover VeriFone's mounts. *See Ottah v. First Mobile Technologies*, 10-CV-7296, Dkt. No. 49, Decision and Order Granting Defendant's Motion for Summary Judgment at pp. 11-13, (S.D.N.Y., February 17, 2012, McMahon, J.). In particular, Ottah amended the claims in the application and argued to the examiner in the USPTO that "among other things, 'the use of adjustable, resilient clip arms on the clasp for clasping the book holder to the movable vehicle providing quick

removal and attachment without tools … is not obvious in light of the prior art.'" *Id.* at p. 12. As a result, the claim limitation to the clasp with adjustable, resilient clip arms could only be met by "a product which can be attached quickly, removably, and without tools, in a manner akin to that of the '840 patent." *Id.* at pp. 12-13.

VeriFone's mounts require tools for riveting in place, and the riveting provides a permanent attachment, with the mount fixed in place to preclude any up or down or pivotal movement of the mount. Thus, prosecution history estoppel precludes any infringement under the doctrine of equivalents as a matter of law. *See id.* at 13. Furthermore, the other claim limitations are well outside any potential scope under the doctrine of equivalents. The '840 patent describes these claim limitations of its alleged invention as having a different function (*e.g*., telescoping arm), operating in a different way (*e.g*., axial adjustment for up/down movement of a platform), to achieve a different result (*e.g*., adjusting to for the height of the reader) for each of these claim limitations.

If even one of the claim limitations were lacking, then summary judgment of noninfringement is proper. The lack of all of these limitations proves that Plaintiff's accusation of infringement is not only wrong, but also frivolous. Therefore, VeriFone moves the court to grant this motion for summary judgment of noninfringement.

## VI.  Conclusion

No genuine issues of material fact remain to be litigated in this matter. Under the undisputed facts, no jury could find in favor of Ottah on his claims. For all of the foregoing reasons, VeriFone respectfully requests that this Court enter summary judgment in its favor, hold that VeriFone does not infringe the '840 patent, dismiss Ottah's Complaint with prejudice and award to VeriFone its costs and expenses in this action and such other relief as the Court may deem just.

- 17 -

DATED this 20th day of April, 2012.          Respectfully submitted,

/s/ *Cosmin Maier*_____
Owen W. Dukelow (*Pro Hac Vice*)
Kolisch Hartwell, P.C.
520 S.W. Yamhill Street
200 Pacific Building
Portland, Oregon   97204
Telephone:  (503) 224-6655
Facsimile:  (503) 295-6679
E-mail:  owen@khpatent.com

David Bassett
Cosmin Maier
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, New York   10022
Telephone:  (212) 230-8816
Facsimile:  (212) 230-8888
E-mail:  david.bassett@wilmerhale.com
E-mail:  cosmin.maier@wilmerhale.com

*Attorneys for Defendant*
*VeriFone Systems, Inc.*