UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHIKEZIE OTTAH, | : | CASE NO. 1:11-CV-06187-RMB |
| | : | |
| PLAINTIFF, | : | [JUDGE RICHARD M. BERMAN] |
| | : | |
| VS. | : | |
| | : | **REPLY IN SUPPORT OF** |
| VERIFONE SYSTEMS, INC., | : | **DEFENDANT'S MOTION FOR** |
| | : | **SUMMARY JUDGMENT** |
| DEFENDANT. | : | **OF NON-INFRINGEMENT** |
| | : | |

I.  **Introduction**

Plaintiff Chikezie Ottah's ("Ottah") opposition to Defendant VeriFone Systems, Inc.'s ("VeriFone") motion for summary judgment of non-infringement fails to raise any genuine dispute that the accused product does not infringe Ottah's U.S. Patent No. 7,152,840 ("the '840 patent"). VeriFone's motion should be granted for at least two reasons.

*First*, Ottah raises no genuine dispute that the accused products do not include "a telescoping arrangement" as required by the sole claim of the asserted patent. Indeed, Ottah does not even attempt to rebut VeriFone's assertion that no such "telescoping arrangement" exists in VeriFone's product. This alone is grounds for granting VeriFone's motion.

*Second*, the VeriFone product does not include a "book holder" that "is removably attached." The parties agree that the mount of the accused product is attached to taxi cab partitions using rivets, (*see* Opposition at 4), such that it cannot be removed by passengers. Thus, it is not "removably attached" under the plain meaning of the term.

- 1 -

Ottah argues that the patent discloses a figure depicting a single element of the claim and teaches that it can be attached using rivets.  (Opposition at 4.)  However, this unclaimed embodiment of one element is outside the scope of the claim.  Indeed, Ottah is barred from arguing that his claim covers any attachment other than one that attaches "quickly" and "without tools" by prosecution history estoppel.

## II.     Argument

A claim is infringed if each limitation in the claim is found in an accused product or method, either literally or under the doctrine of equivalents.  *Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc.*, 141 F.3d 1084, 1089 (Fed. Cir. 1989).  There is no dispute as to the structure of the accused products—the mounts are riveted to the partition or seat of a vehicle.  Ottah's opposition completely fails to address the required "telescoping arrangement" limitation of his claim, and he is legally and factually incorrect as to whether the accused product is "removably attached."  As such, VeriFone is entitled to summary judgment of non-infringement.

### A.     VeriFone's Product Does Not Include A "Telescoping Arrangement"

In his opposition, Ottah does not dispute that the accused VeriFone product is missing a "telescoping arrangement," as required by the claim.  Sole claim 1 of the '840 patent requires "an arm comprising a first end and a second end and *a telescoping arrangement* interconnecting the first end tob [sic] the second end." (Exh. 1[1] ['840 patent] at claim 1 (emphasis added).)  A "telescoping arrangement" includes "an upper support portion 34 [that] slides within a lower support portion 36." (Exh. 1 ['840 patent] at 3:19-22.)  The telescoping arrangement attaches to the "book support" platform at one end, and a "clasp" that is used to attach the device to a vehicle at the other end.  (*Id*. at

---

[1]     All exhibits are attached to the Declaration of Cosmin Maier.

4:7-14.)  This allows "for axial adjustment of the spaced relational distance between the book support 312 and the female member 62 [which includes a lower portion attached to the clasp]."  (*Id.* at 3:65-4:14.)

No such telescoping arrangement exists in the accused product, and no arm either, but the lack of any telescoping is even further beyond dispute.  Indeed, Ottah does not dispute this in his opposition.  The VeriFone product thus cannot literally infringe claim 1 of the '840 patent.

Nor can Ottah argue that the accused product includes a "telescoping arrangement" under the doctrine of equivalents.  The telescoping arrangement functions to allow "axially adjusting the spaced relation between the book support platform and the clasp."  (Exh. 1 ['840 patent] at claim 1.)  The way in which the telescoping arrangement performs this function is to allow an "upper support portion" to "slide[] within a lower support portion" in the axial direction.  (Exh. 1 ['840 patent] at 3:19-22.)  The result is that a user can adjust the spatial relationship of the "book support platform" by moving it closer or farther from him- or herself in the axial direction.

In stark contrast, the VeriFone product does not allow for adjustment of the mount, which Ottah asserts is the "book support platform," in the axial direction.  Instead, the mount is fixed to the partition of a vehicle such that it cannot be moved.  Thus, the rivets used for attaching the VeriFone product do not include any mechanism that has the same function as the telescoping arrangement required by the claim. The rivets do not include any mechanism that functions in the same way. Finally, the rivets do not achieve the same result of allowing the user to adjust the position of the mount in the axial direction.

### B.     VeriFone's Product Is Not "Removably Attached"

Ottah's opposition also fails on the claim limitation that requires the accused product to be "removably attached" to a vehicle.  There is no dispute that the accused product comprises a mount that is riveted to the partition or seat of a vehicle.  (Opposition at 5.)  Instead, Ottah argues that claim 1, which requires a "book holder [that] is removably attached," may be read to cover attachment via rivets.  Ottah is legally and factually incorrect.

First, Ottah admits that the goal of his alleged invention is "to provide a book holder that can be *easily and removably attached* to and removed from a bar or portion of the mobile vehicle *without tools*."  (Opposition at 4 (emphasis added).)  In contrast, the VeriFone product is purposefully designed to *not* be easily removable without tools, such that taxi cab passengers may not remove it from the vehicle.

Ottah instead argues that figure 7 of the '840 patent discloses "mechanical fasten attachments" that allow for attachment via rivets or screws.  (Opposition at 4.)  However, Ottah disclaimed any such claim coverage during prosecution of the '840 patent.  Prosecution history estoppel prevents a patent holder form applying the doctrine of equivalents to reacquire patent coverage abandoned during prosecution.  *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 732-35 (2002).

The original claims of the application that led to the '840 patent were rejected in light of U.S. Patent No. 4,021,013 to Wiersma, directed to a "a book holder having clip means … for attaching the book holder onto an object," where "the clip means comprise bolts."  (Exh. 2 ['840 Prosecution History, Office Action mailed Mar. 24, 2005] at pp. 6-7.)  In response, Ottah amended his claim and narrowed its scope with respect to the attachment mechanism.  In particular, Ottah argued to the USPTO that "the use of

adjustable, resilient clip arms on the clasp for clasping the book holder to the movable vehicle providing *quick removal and attachment without tools* … is not obvious in light of the prior art." (Exh. 2 ['840 Prosecution History, Preliminary Amendment dated July 25, 2005] at p. 22/38.) Ottah is thus barred from arguing that his claim covers a product that does not provide "quick removal and attachment without tools."

In a previous case involving Ottah's '840 patent, Judge Colleen McMahon concluded:

> Ottah may not rely and focus on the easy removability of his invention without tools in order to acquire the '840 Patent and then expand the scope of that patent later by equating that same feature to other more difficult and tool-requiring methods of attachment. In other words, only a product which can be attached quickly, removably, and without tools, in a manner akin to that of the '840 Patent, can infringe that patent" and "any product lacking this feature cannot infringe the '840 Patent.

(Exh. 3 [Decision and Order Granting Defendant's Motion for Summary Judgment, *Ottah v. First Mobile Technologies*, 10-cv-7296 (S.D.N.Y., McMahon, J.)] at 12-13.)

The same is true here. Ottah may not now broaden the scope of his claim to cover more difficult attachment mechanisms requiring tools after having disclaimed such mechanisms during prosecution history. Ottah is similarly barred by prosecution history estoppel from arguing that the riveted attachment of the accused product infringes under the doctrine of equivalents. As such, VeriFone cannot be found to infringe claim 1 of the '840 patent literally or under the doctrine of equivalents.

### III.   Conclusion

No genuine issues of material fact remain to be litigated in this matter. For all of the foregoing reasons, and the reasons articulated in VeriFone's opening memorandum in support of its motion for summary judgment, VeriFone respectfully requests that this Court enter summary judgment of non-infringement.

DATED this 4th day of June, 2012.	Respectfully submitted,

/s/ *Cosmin Maier*_____
Owen W. Dukelow (*Pro Hac Vice*)
Kolisch Hartwell, P.C.
520 S.W. Yamhill Street
200 Pacific Building
Portland, Oregon   97204
Telephone:  (503) 224-6655
Facsimile:  (503) 295-6679
E-mail:  owen@khpatent.com

David Bassett
Cosmin Maier
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, New York   10022
Telephone:  (212) 230-8816
Facsimile:  (212) 230-8888
E-mail:  david.bassett@wilmerhale.com
E-mail:  cosmin.maier@wilmerhale.com

*Attorneys for Defendant*
*VeriFone Systems, Inc.*