N.Y.S.D. Case #
11-cv-6187(RMB)

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 08, 2013

**CHIKEZIE OTTAH,**
*Plaintiff-Appellant,*

v.

**VERIFONE SYSTEMS, INC.,**
*Defendant-Appellee.*

---

2013-1106

---

Appeal from the United States District Court for the Southern District of New York in No. 11-CV-6187, Judge Richard M. Berman.

---

Decided: April 8, 2013

---

CHIKEZIE OTTAH, of Elmont, New York, pro se.

OWEN W. DUKELOW, Kolisch Hartwell, P.C., of Portland, Oregon, for defendant-appellee.

---

Before DYK, MAYER, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

2  CHIKEZIE OTTAH v. VERIFONE SYSTEMS, INC.

Chikezie Ottah appeals from a decision of the United States District Court for the Southern District of New York. The district court granted summary judgment of non-infringement to Verifone Systems, Inc. ("Verifone") with respect to U.S. Patent Number 7,152,840 ("the '840 Patent"). For the following reasons, we *affirm*.

BACKGROUND

This case concerns the '840 Patent, which is owned by Ottah and is titled "Book Holder." The specification describes the invention as "a removable book holder assembly for use by a person in a protective or mobile structure such as a car seat, wheelchair, walker, or stroller." '840 Patent col. 1 ll. 6-9. Ottah argues that Verifone's mounts for electronic display screens, used in New York City taxi cabs, infringe the '840 patent both literally and under the doctrine of equivalents.

The '840 Patent only contains one claim, which reads:

1. A book holder for removable attachment, the book holder comprising:

a book support platform, the book support platform comprising a front surface, a rear surface and a plurality of clamps, the front surface adapted for supporting a book, the plurality of clamps disposed on the front surface to engage and retain the book to the book support platform, the rear surface separated from the front surface;

a clasp comprising a clip head, a clip body and a pair of resilient clip arms, the clip arms adjustably mounted on the clip head, the clip head attached to the clip body; and

an arm comprising a first end and a second end and a telescoping arrangement, the clasp on the first end, the second end pivotally attached to the book support platform, the telescoping ar-

> rangement interconnecting the first end to[] the second end, the clasp spaced from the book support platform wherein the book holder is *removably attached* and adjusted to a reading position by the telescoping arrangement axially adjusting the spaced relation between the book support platform and the clasp and the pivotal connection on the book support platform pivotally adjusting the front surface with respect to the arm.

'840 Patent col. 6 ll.14-38 (emphasis added).

The district court granted summary judgment of non-infringement to Verifone as to both literal infringement and infringement under the doctrine of equivalents. With regard to literal infringement, it noted that several of the limitations of the '840 patent were not met by Verifone mounts, "including '[a] book holder for removable attachment'" and "'[a] clasp spaced from the book support platform wherein the book is removably attached.'" *Ottah v. VeriFone Sys. Inc.*, No. 1:11-cv-06187, slip op. at 4 (S.D.N.Y. Oct. 10, 2012) (alterations in the original). It explained (and it is undisputed) that Verifone's mounts are "riveted in place to the taxi's partition or seat" and are not of the removable nature described by the claim. *Id.* (quotation marks omitted).

As for the doctrine of equivalents, the district court explained that Ottah's claim was barred by prosecution history estoppel. This is because, after the patent examiner initially rejected the '840 patent on anticipation (and various other) grounds on March 24, 2005, Ottah narrowed his claim and argued to the patent examiner that the patent was neither anticipated nor obvious because "the use of adjustable, resilient clip arms on the clasp for clasping the book holder to the movable vehicle providing quick removal without tools . . . is not obvious in light of the prior art." Ottah Reply to Office Action (July 25, 2005), at 13. Thus, "because Ottah previously argued that

4                CHIKEZIE OTTAH v. VERIFONE SYSTEMS, INC.

the defining characteristic of his book holder [wa]s its 'quick removal and attachment without tools,'" the district court held that he could not "claim that the permanent rivet attachments of the VeriFone mounts are 'equivalent' to the limitations described in the '840 Patent." *Ottah*, No. 1:11-cv-06187, slip op. at 6 (S.D.N.Y. Oct. 10, 2012).

Ottah timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

"This court reviews a district court's grant of summary judgment of non-infringement without deference." *Computer Docking Station Corp. v. Dell, Inc.*, 519 F.3d 1366, 1373 (Fed. Cir. 2008) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1369 (Fed. Cir. 2006)). This de novo review requires two steps: claim construction and infringement. *See id.*

Here, on claim construction, the district court properly determined that "the '840 Patent's sole claim consists of commonly understood words, such as 'a book holder,' 'for removable attachment,' 'a clasp,' and 'an arm.'" *Ottah*, No. 1:11-cv-06187, slip op. at 3 (S.D.N.Y. Oct. 10, 2012). Thus, it was appropriate for the district court to apply these terms' "widely accepted meaning[s]." *Philips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (en banc). We see no error in the district court's determination. "[T]he claims define the scope of [the] invention," *Alloc, Inc. v. Int'l Trade Comm'n*, 342 F.3d 1361, 1368 (Fed. Cir. 2003), and the claim here is clear on its face. Several claim limitations of claim 1 of the '840 patent (such as the "removably attached" limitation quoted above) require that the book holder have a removable mounting. Contrary to Ottah's argument, nothing in the specification suggests that the claim language should be interpreted in a way at variance with its ordinary meaning.

On infringement, the district court's analysis was correct both with respect to literal infringement and infringement under the doctrine of equivalents. It is undisputed that the accused Verifone mounts are riveted in place and cannot be removed without tools. This forecloses a finding of literal infringement.

During prosecution, in response to a prior art rejection, Ottah emphasized that the patentability of the '840 patent's claim was based on the removable nature of the mount. He cannot now, under the doctrine of equivalents, seek to broaden the scope of his claim to include mounts that are fixed as well as those that are removable. *See Duramed Pharm., Inc. v. Paddock Labs., Inc.*, 644 F.3d 1376, 1380 (Fed. Cir. 2011) ("[T]he doctrine of prosecution history estoppel prevents a patent owner from recapturing through the doctrine of equivalents subject matter surrendered to acquire the patent."). Ottah cannot prevail under the doctrine of equivalents.

**AFFIRMED**