# United States Court of Appeals
# for the Federal Circuit

---

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** May 15, 2013 .

**CHIKEZIE OTTAH,**
*Plaintiff-Appellant,*

v.

**VERIFONE SYSTEMS, INC.,**
*Defendant-Appellee.*

---

2013-1106

---

Appeal from the United States District Court for the Southern District of New York in No. 11-CV-6187, Judge Richard M. Berman.

---

### JUDGMENT

---

THIS CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

### AFFIRMED

ENTERED BY ORDER OF THE COURT

| April 8, 2013 | | /s/ Jan Horbaly |
| --- | --- | --- |
| Date | | Jan Horbaly |
| | | Clerk |

NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————

**CHIKEZIE OTTAH,**
*Plaintiff-Appellant,*

**v.**

**VERIFONE SYSTEMS, INC.,**
*Defendant-Appellee.*

———————————

2013-1106

———————————

Appeal from the United States District Court for the Southern District of New York in No. 11-CV-6187, Judge Richard M. Berman.

———————————

Decided: April 8, 2013

———————————

CHIKEZIE OTTAH, of Elmont, New York, pro se.

OWEN W. DUKELOW, Kolisch Hartwell, P.C., of Portland, Oregon, for defendant-appellee.

———————————

Before DYK, MAYER, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

2                 CHIKEZIE OTTAH v. VERIFONE SYSTEMS, INC.

Chikezie Ottah appeals from a decision of the United States District Court for the Southern District of New York. The district court granted summary judgment of non-infringement to Verifone Systems, Inc. ("Verifone") with respect to U.S. Patent Number 7,152,840 ("the '840 Patent"). For the following reasons, we *affirm*.

BACKGROUND

This case concerns the '840 Patent, which is owned by Ottah and is titled "Book Holder." The specification describes the invention as "a removable book holder assembly for use by a person in a protective or mobile structure such as a car seat, wheelchair, walker, or stroller." '840 Patent col. 1 ll. 6-9. Ottah argues that Verifone's mounts for electronic display screens, used in New York City taxi cabs, infringe the '840 patent both literally and under the doctrine of equivalents.

The '840 Patent only contains one claim, which reads:

1. A book holder for removable attachment, the book holder comprising:

a book support platform, the book support platform comprising a front surface, a rear surface and a plurality of clamps, the front surface adapted for supporting a book, the plurality of clamps disposed on the front surface to engage and retain the book to the book support platform, the rear surface separated from the front surface;

a clasp comprising a clip head, a clip body and a pair of resilient clip arms, the clip arms adjustably mounted on the clip head, the clip head attached to the clip body; and

an arm comprising a first end and a second end and a telescoping arrangement, the clasp on the first end, the second end pivotally attached to the book support platform, the telescoping ar-

CHIKEZIE OTTAH v. VERIFONE SYSTEMS, INC.                    3

rangement interconnecting the first end to[] the
second end, the clasp spaced from the book sup-
port platform wherein the book holder is *remova-
bly attached* and adjusted to a reading position by
the telescoping arrangement axially adjusting the
spaced relation between the book support plat-
form and the clasp and the pivotal connection on
the book support platform pivotally adjusting the
front surface with respect to the arm.

'840 Patent col. 6 ll.14-38 (emphasis added).

The district court granted summary judgment of non-
infringement to Verifone as to both literal infringement
and infringement under the doctrine of equivalents. With
regard to literal infringement, it noted that several of the
limitations of the '840 patent were not met by Verifone
mounts, "including '[a] book holder for removable attach-
ment'" and "'[a] clasp spaced from the book support plat-
form wherein the book is removably attached." *Ottah v.
VeriFone Sys. Inc.*, No. 1:11-cv-06187, slip op. at 4
(S.D.N.Y. Oct. 10, 2012) (alterations in the original). It
explained (and it is undisputed) that Verifone's mounts
are "riveted in place to the taxi's partition or seat" and are
not of the removable nature described by the claim. *Id.*
(quotation marks omitted).

As for the doctrine of equivalents, the district court
explained that Ottah's claim was barred by prosecution
history estoppel. This is because, after the patent examin-
er initially rejected the '840 patent on anticipation (and
various other) grounds on March 24, 2005, Ottah nar-
rowed his claim and argued to the patent examiner that
the patent was neither anticipated nor obvious because
"the use of adjustable, resilient clip arms on the clasp for
clasping the book holder to the movable vehicle providing
quick removal without tools . . . is not obvious in light of
the prior art." Ottah Reply to Office Action (July 25,
2005), at 13. Thus, "because Ottah previously argued that

4                CHIKEZIE OTTAH v. VERIFONE SYSTEMS, INC.

the defining characteristic of his book holder [wa]s its 'quick removal and attachment without tools,'" the district court held that he could not "claim that the permanent rivet attachments of the VeriFone mounts are 'equivalent' to the limitations described in the '840 Patent." *Ottah*, No. 1:11-cv-06187, slip op. at 6 (S.D.N.Y. Oct. 10, 2012).

Ottah timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

DISCUSSION

"This court reviews a district court's grant of summary judgment of non-infringement without deference." *Computer Docking Station Corp. v. Dell, Inc.*, 519 F.3d 1366, 1373 (Fed. Cir. 2008) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1369 (Fed. Cir. 2006)). This de novo review requires two steps: claim construction and infringement. *See id.*

Here, on claim construction, the district court properly determined that "the '840 Patent's sole claim consists of commonly understood words, such as 'a book holder,' 'for removable attachment,' 'a clasp,' and 'an arm.'" *Ottah*, No. 1:11-cv-06187, slip op. at 3 (S.D.N.Y. Oct. 10, 2012). Thus, it was appropriate for the district court to apply these terms' "widely accepted meaning[s]." *Philips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (en banc). We see no error in the district court's determination. "[T]he claims define the scope of [the] invention," *Alloc, Inc. v. Int'l Trade Comm'n*, 342 F.3d 1361, 1368 (Fed. Cir. 2003), and the claim here is clear on its face. Several claim limitations of claim 1 of the '840 patent (such as the "removably attached" limitation quoted above) require that the book holder have a removable mounting. Contrary to Ottah's argument, nothing in the specification suggests that the claim language should be interpreted in a way at variance with its ordinary meaning.

CHIKEZIE OTTAH v. VERIFONE SYSTEMS, INC.                5

On infringement, the district court's analysis was correct both with respect to literal infringement and infringement under the doctrine of equivalents. It is undisputed that the accused Verifone mounts are riveted in place and cannot be removed without tools. This forecloses a finding of literal infringement.

During prosecution, in response to a prior art rejection, Ottah emphasized that the patentability of the '840 patent's claim was based on the removable nature of the mount. He cannot now, under the doctrine of equivalents, seek to broaden the scope of his claim to include mounts that are fixed as well as those that are removable. *See Duramed Pharm., Inc. v. Paddock Labs., Inc.*, 644 F.3d 1376, 1380 (Fed. Cir. 2011) ("[T]he doctrine of prosecution history estoppel prevents a patent owner from recapturing through the doctrine of equivalents subject matter surrendered to acquire the patent."). Ottah cannot prevail under the doctrine of equivalents.

**AFFIRMED**

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2013-1106

## CHIKEZIE OTTAH,

*Plaintiff – Appellant,*

**v.**

## VERIFONE SYSTEMS, INC.,

*Defendant – Appellee.*

Appeal from the United States District Court for the Southern District of New York in No. 11-CV-6187 U.S. District Judge Richard M. Berman.

## <u>MANDATE</u>

In accordance with the judgment of this Court, entered April 8, 2013, and pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure, the formal mandate is hereby issued.

FOR THE COURT

<u>/s/ Jan Horbaly</u>
Jan Horbaly
Clerk

cc: Clerk of Court, Southern District of New York (New York)
Owen W. Dukelow
Chikezie Ottah